## In the Matter of the Removal of Josephine Fagin, Executrix and Trustee.

*Marriage of executrix—Death of husband.*

A woman's authority as executrix and trustee under a will is extinguished by her marriage, and does not revive on the death of her husband.

*Decided February* 14, 1888.

THE facts are stated in the opinion.

*Noyes & Fitzgerald*, for applicants.

*O. J. Cosgrave* and *Geo. R. Topp*, for respondents.

GOEBEL, J.

The respondent was, by the will of her father, named, and appointed by the Probate Court of this county, executrix and trustee, together with her brother Peter. At the time of the death of the testator, and of her appointment, she was an unmarried woman. After she had qualified she married; subsequently her husband died. The question arises, Was her authority as executrix and trustee extinguished by her marriage? If so, did it revive on the death of her husband?

Independent of any statute, the general rule of the English law is that any person may be an executor or trustee if mentally capable of executing its duties. It seems to be conceded by authorities, in the absence of any statutory provision, that coverture in itself is

no incapacity for the office of executrix, administratrix, or trustee, and a married woman may execute such trust with the consent of her husband.

Nowhere in our statutes is there a provision prohibiting the appointment of a married woman as executrix, administratrix, or trustee, and respondent relies upon the common law; but it is contended on behalf of the applicants in the case, that the common law rule has been abrogated by our statute by necessary implication, and they rely upon section 6022 of the Revised Statutes, which provides that "When an unmarried woman, who is the executrix or administratrix, either alone or jointly with another person, shall marry, her husband shall not be executor or administrator in her right, but the marriage will operate as an extinguishment of her authority as executrix or administratrix; and the other executor or administrator, if there is any, may proceed in discharging the trust as if she were dead; and if there is no other executor or administrator, administration may be granted of the estate not already administered, and such administrator may proceed to discharge the trust in like manner as if the executrix or administratrix were dead."

It was held, in *Stewart's Appeal*, 56 Me., 300, under a provision similar to section 6022, that the married daughter of the testator, named in his will as sole executrix thereof, may, with the consent of her

husband, be appointed executrix, and take upon herself and execute such trust, and that the extinguishing clause of the statute was not applicable to such a case, It was also held in the case of *Barber, Administrator,* v. *Bush,* 7 Mass., 510, that where a *feme sole* became the executrix or administratrix jointly with one or more persons, and afterward intermarried, her power and authority is extinguished and determined; but where the wife was sole administratrix, by her marriage the husband became joint administrator with her.

In answering the question whether a married woman may be appointed administratrix, executrix, or trustee, we may ask the other question, Is it forbidden? We fully concur in the opinion expressed in *Stewart's Appeal, supra,* that, there being no express statutory provision prohibiting it, a woman, married at the time of her appointment, may act, and that such case does not come within the provisions of section 6022. The theory upon which she was classed among the incapable was, that her existence merged into that of her husband, and thereby she was denied separate rights. Later legislation, which gradually invested her with the control of her own property, and recognized her independent existence, left no reason for retaining in the law her incapacity to act, and we would have no hesitation in holding, if called upon so to do, that a married woman may be appointed administratrix, executrix, or trustee. But the ques-

tion in this case is, whether the respondent, being an unmarried woman at the time of her appointment, and subsequently marrying, comes within section 6022, whereby her authority became extinguished by such marriage? We think it did. It is evident that the legislators intended to confine this section to the case of an unmarried woman, and the object is to terminate the trust relation upon her marriage. We have a right to suppose, as was said in *Stewart's Appeal*, that where the female was unmarried at the time of the making of the will, or at the death of the testator, and she afterward marries, a new relation, not known to the testator, arises, and a new party is introduced into the trust. The law says it was a *feme sole* that was originally designated by the will, and a *feme covert* with her new baron shall no longer act. Whether this presents at this time a correct reason we do not say. Suffice it, however, that section 6022 is not repealed, nor do we feel called upon to say that by last winter's legislation, vol. 84, p. 132, this section was abrogated.

A repeal by implication must rest upon very clear and definite reasons. The repeal of statutes by implication is not favored by law, and when a later and former statute can stand together, both will stand, unless the former is expressly repealed, or the legislative intent to repeal is very manifest. *People ex rel Kingsland* v. *Palmer, Treasurer*, 52 N. Y. 84; *Mongson* v. *People of State of New York*, 55 N. Y. 613.

Her authority was extinguished by her marriage. The next question is, Was it revived when she became a widow? We think not. When such authority was extinguished it was dead for all time, and it could not be revived except by a new appointment. Under section 6022, there being a co-executor and trustee, it was his duty to proceed to administer upon the estate as if she were dead.